**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARIA KARECKI,<br><br>    Plaintiff,<br><br>v.<br><br>TEAMSTERS LOCAL 210 AFFILIATED HEALTH AND INSURANCE FUND,<br><br>    Defendant, | Civil Action No.: 13-3105 (JLL) (JAD)<br><br>REPORT & RECOMMENDATION |

**JOSEPH A. DICKSON, U.S.M.J.**

This matter comes before the Court *sua sponte* regarding Plaintiff's ongoing failure to comply with the Orders of this Court; and

**WHEREAS**, following an in-person settlement conference on December 10, 2014, the Court scheduled a telephone status conference for January 20, 2015 and Ordered Plaintiff to initiate the call; (see December 10, 2014 Minute Entry); and

**WHEREAS** Plaintiff did not appear for the January 20, 2015 conference call; and

**WHEREAS**, in light of Plaintiff's failure to appear, the Court rescheduled the telephonic status conference for February 2, 2015 and, once again, directed Plaintiff to initiate the call; (ECF No. 23); and

**WHEREAS**, by Order dated February 2, 2015, the Court rescheduled the telephone conference to February 4, 2015 in light of impending inclement weather. (ECF No. 24). The Court did not, however, otherwise modify the requirements of its prior Order (i.e., Plaintiff's obligation to initiate the call); and

**WHEREAS** Plaintiff failed to coordinate or otherwise appear for the February 4, 2015 telephonic status conference; and

**WHEREAS** the undersigned's staff attempted to reach Plaintiff's counsel, the Law Offices of Sal Greenman, PC, by telephone (at the number listed on the docket for this matter) on or about February 4, 2015, but the line was neither attended nor equipped with an answering machine; and

**WHEREAS**, on February 5, 2015, the Court entered the following Order:

> Plaintiff's counsel has now failed to appear for two consecutive telephonic status conferences (scheduled for 1/20/15 and 2/4/15). Moreover, the Court has been unable to reach Plaintiff's counsel at the telephone numbers listed on the docket for this matter. Plaintiffs counsel shall electronically file a letter setting forth the status of this matter on or before 2/12/14. If counsel fails to do so, this Court will recommend that the District Court dismiss Plaintiff's claims for lack of prosecution.

(ECF No. 25); and

**WHEREAS** Plaintiff's counsel has, to date, failed to submit the status letter required pursuant to this Court's February 5, 2015 Order, despite the Court's clear admonition that it would recommend dismissal in the event Plaintiff failed to comply. Indeed, the Court's records indicate that Plaintiff's counsel has failed to contact the Court in any fashion since the December 10, 2014 conference; and

**WHEREAS** the Court finds that Plaintiff's ongoing failure to prosecute is making adjudication of this matter impossible and that, in such circumstances, "[a] District Court has the authority to dismiss a suit sua sponte for failure to prosecute by virtue of its inherent powers and pursuant to Federal Rule of Civil Procedure 41(b)", see Shipman v Delaware, 381 F. App'x 162, 164 (3d Cir. 2010); Parks v. Ingersoll-Rand Co., 380 F. App'x 190, 195-96 (3d Cir. 2010) (noting

the United States Supreme Court has held that Fed. R. Civ. P. 41(b) allows for sua sponte dismissals in the context of a failure to prosecute); and

**WHEREAS** a District Court may dismiss a case for failure to prosecute under Rule 41(b) where a balance of the following factors weighs in favor of dismissal: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. See Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir.1984); and

**WHEREAS** this Court finds that, as Plaintiff has now violated multiple, consecutive Court Orders and has essentially made it impossible for the Court or the Defendant to move forward with this litigation, Plaintiff has: (1) been consistently dilatory; (2) prejudiced Defendant; and (3) has shown willful conduct with respect to its failure to comply with the Orders of this Court.[1] Moreover, given that Plaintiff has already disregarded the Court's warning that it would recommend dismissal if Plaintiff failed to comply with the Court's February 5, 2015 Order, this Court finds that no sanction, short of dismissal, would be effective in these circumstances. Indeed, the Court finds that Plaintiff would likely continue to ignore any sanction short of dismissal, leading to additional delay. Given Plaintiff's counsel's sudden and complete lack of participation, it is not possible for this Court to determine whether Plaintiff herself bears personal responsibility for the violations noted above. Finally, the Court will assume, for the purposes of this analysis only, that Plaintiff's claims have some legal merit; and

---

[1] The docket for this matter indicates that the District Court's electronic filing system sent electronic notices of each of the Orders at issue to Plaintiff's counsel's e-mail address of record: greenmanlawpc@gmail.com.

**WHEREAS** the Court finds that, on balance, the <u>Poulis</u> factors weigh in favor of dismissal; and

**WHEREAS** the Court further finds that, because it is unclear what degree of personal responsibility Plaintiff bears with regard to the lack of prosecution discussed above, any such dismissal should be made without prejudice.

**IT IS** on this 23RD day of February, 2015;

**RECOMMENDED** that the Court dismiss Plaintiff's Complaint for lack of prosecution pursuant to Federal Rule of Civil Procedure 41(b).

**SO ORDERED**

JOSEPH A. DICKSON, U.S.M.J.

cc.   Hon Jose L. Linares, U.S.D.J.